```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
MICHAEL NASH,                            :
                         Petitioner,     :
                                         :   08 Civ. 5293 (DLC)
            -v-                          :
                                         :   OPINION & ORDER
ROBERT ERCOLE,                           :
                         Respondent.     :
----------------------------------------X
```

Appearances:

Pro se petitioner:
Michael Nash
04-R-0133
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

For respondent:
Ashlyn Dannelly, Assistant Attorney General, State of New York
120 Broadway
new York, NY 10271

DENISE COTE, District Judge:

On August 5, 2009, the Honorable Michael Dolinger recommended that the petition for a writ of habeas corpus, filed on June 10, 2008 pursuant to 28 U.S.C. § 2254 by Michael Nash, be denied ("Report"). Nash has not filed any objections to the Report. The Report is adopted for the reasons explained below.

BACKGROUND

Nash was convicted following a jury trial on two counts of robbery in the second degree and sentenced as a persistent violent felony offender to an indeterminate prison term of

twenty years to life on each count, to be served concurrently. The evidence at trial established that Nash robbed the same supermarket in Manhattan on April 4 and November 16, 2003. During the first robbery he took two packs of cigarettes, and when confronted by the store clerk pulled a firearm from his pocket and held it to the clerk's head.  At the second robbery he took cigarettes and a beer, and when another clerk attempted to stop him, Nash placed his hand in his pocket, and made a motion as if to indicate that he had a gun.  The second robbery was captured on the store's security video tape, and still and video images were played for the jury.  When the police arrested Nash, he had a green jacket that he wore during the second robbery.  The defendant called no witnesses.

    The Appellate Division, First Department rejected the three grounds raised by Nash's counsel on appeal:  that the verdict was against the weight of the evidence, that Nash's sentence was excessive, and that the persistent-violent-felony offender statute violated Apprendi.  It also rejected the claims Nash raised in a pro se supplemental brief, which attacked the store clerk's identification of Nash at trial on several grounds. People v. Nash, 815 N.Y.S.2d 460, 461 (1st Dep't 2006).  The New York Court of Appeals denied leave to appeal.

     In April 2007, Nash filed a pro se motion under Section 440.10 of the New York Criminal Procedure Law.  He asserted that

2

his attorney should have objected to the consolidation of the two robbery charges and the indictment's failure to specify the names of the store clerks who had served as the complainants. In rejecting this motion, the court noted that defense counsel had performed ably at trial. The Appellate Division denied leave to appeal.

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." <u>Wilds v. United Parcel Serv.</u>, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, modified the standard under which federal courts review Section 2254 petitions where the state court has reached the merits of the federal claim. Habeas relief may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28

U.S.C. §§ 2254(d)(1), (d)(2).  State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  Id. at § 2254(e)(1).

Nash has attacked his conviction on four grounds.  None of them has merit.  Nash has not shown that the state court unreasonably applied federal law as articulated by the Supreme Court in rejecting Nash's claims.

First, Nash claims, but has failed to show, that there was insufficient evidence to support the verdict.  The two robbery victims provided eyewitness accounts of the robberies and identified Nash as the robber, and the jury saw a videotape of the second robbery.  The police seized the green jacket that Nash wore in the second robbery from Nash at the time of his arrest.  Nash displayed and used a gun in the first robbery and made a gesture suggesting possession of a concealed weapon during the second robbery.  This evidence was sufficient to support the verdict.

The Report describes in detail the legal issues implicated by Nash's second claim, which is based on his contention that the use of the persistent violent felony offender statute to enhance his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000).  Without any prior convictions, Nash would have faced a sentence of three and one-half years to fifteen years'

4

imprisonment.  Under New York Penal Law section 70.08, a statute that requires an enhancement for someone previously convicted of two or more predicate violent felonies, a court must impose a maximum sentence of life and a minimum term of between sixteen and twenty-five years' imprisonment when the new conviction is for a class C felony.  See Brown v. Greiner, 409 F.3d 523, 526 (2d Cir. 2009) (quoting section 70.08).  Applying this enhancement statute, the trial court sentenced Nash to twenty years to life on each count.

As explained in the Report, the use of prior convictions to enhance a sentence does not implicate Apprendi's mandate that facts other than the fact of a prior conviction be determined by a jury when such facts will increase the statutory maximum sentence that may be imposed.  See Brown v. Greiner, 409 F.3d 523, 531 (2d Cir. 2005) ("other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt") (citation omitted).  "The Supreme Court maintained the Almendarez-Torres [v. United States, 523 U.S. 224 (1998)] rule in Apprendi, excluding the fact of a prior conviction from those issues that must be tried to a jury or admitted by a defendant."  United States v. Estrada, 428 F.3d 387, 390 (2d Cir. 2005).  Because the state court imposed an enhanced sentence based solely on the presence

5

of prior felony convictions, as Section 70.08 requires, it did not run afoul of Apprendi.

Next, Nash argues that the trial court should have determined that there were sufficient independent indicia of reliability to support the in-court identification by the store clerk who testified regarding the second robbery. The witness had not participated in any pre-trial identification process, and therefore the witness identified Nash as the robber for the first time from the stand at trial. As the Report explains, the well-developed law concerning the need for pretrial procedures to confirm the reliability of in-court identifications arises in a different context, specifically, where pre-trial identification procedures may have led to an unduly suggestive identification, which might taint any later identification at trial. In any event, Nash has not shown that the identification should have been excluded because of its unreliability. The witness had ample opportunity to observe Nash, and video images permitted the jury to assess independently the reliability of the identification testimony.

Finally, Nash complains of his attorney's performance, contending principally that counsel should have challenged the joinder of the two robbery charges in a single trial. As the Report explains, this claim is procedurally barred. In any

event, Nash has not shown that there was any error in joining the two charges for trial.

After a careful review of each of Nash's claims, the Report recommends that the petition be denied. Nash has not objected to this recommendation. This Court's independent review of the claims confirms that the petition should be dismissed.

## CONCLUSION

The June 10, 2008 amended petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Nash has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss this petition and close the case.

SO ORDERED:

Dated:   New York, New York
         September 1, 2009

_____
DENISE COTE
United States District Judge

Copies sent to:

Michael Nash
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582-0010

Magistrate Judge Dolinger

Ashlyn Dannelly
Assistant Attorney General
120 Broadway
New York, NY 10271